UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13CV-P779-H

CHARLES KENNETH HARRELL
AKA CHARLES KENNETH CLARK, JR.  PLAINTIFF

v.

KELWELL FOOD  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Charles Kenneth Harrell AKA Charles Kenneth Clark, Jr., filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action.

### I.

Plaintiff was a convicted inmate at the Hardin County Detention Center (HCDC) at the time of filing this lawsuit. He has since been transferred. He sues Kelwell Food, which he describes as the food service provider at HCDC. Plaintiff states that on July 8, 2013, he explained that he "was Deathly Alergic to oat products." He states, "Then on every tray brought to me there was some kind of oat product on my tray. From the 8th to the 15th on thru the 29th of July I still received oat products even after medical should them by blood test I could die because of this product . . . ." He avers that "in Harden County back in 1990 I swelled up with a major rash because of (Apple Crisp) had oat meal on top. This had been explain to (Kelwell Foods) after they became food providers" at HCDC. Plaintiff further states, "Also there has be Retaliation from the staff were I have been slandered more than once about Special Tray's being fix because of this . . . ." Plaintiff contends Defendant violated the First and Eighth Amendment and 42 U.S.C. §§ 1985 and 1986. As relief, Plaintiff seeks $50,000 in punitive damages.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*,

2

610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A.    42 U.S.C. § 1983**

*Food trays*

The Eighth Amendment's Cruel and Unusual Punishments Clause places restraints on prison officials, directing that they "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Prison officials "must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care . . . ." *Id*. However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). A viable Eighth Amendment claim must satisfy both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. at 834; *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Hudson v. McMillian*, 503 U.S. 1 (1992). An inmate must show that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v.*

3

*Chapman*, 452 U.S. 337, 347 (1981).  The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety.  *Wilson v. Seiter*, 501 U.S. at 302-03.

In the instant case, accepting the allegations as true, the complaint alleges a three-week period when Plaintiff was given a food tray that contained oats, to which he was allergic.  However, Plaintiff does not allege that he was harmed in any way as a result of being served these food trays, and his allegations suggest that the staff corrected the error by fixing special food trays for him.  The law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury."  *Horn by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986).  As Plaintiff has not alleged that he suffered any injury, his claim that he was served food trays containing oats will be dismissed for failure to state a claim.

Furthermore, Plaintiff sues only Kelwell Food.  "A private corporation is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of *respondeat superior*."[1]  *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).  Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights.  *See Street v. Corr. Corp. of Am.*, 102 F.3d at 817.  Plaintiff does not allege an official policy or custom on the part

---

[1]*Respondeat superior* is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

4

of Defendant Kelwell Food that caused him to be served food trays containing oats. As such, the claim fails to state a claim upon which relief may be granted.

### *Retaliation claim*

Plaintiff also states that he was retaliated against by "staff were I have been slandered more than once about Special Tray's being fix . . . ." Retaliation for the exercise of a constitutional right is a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In order to state a retaliation claim, a plaintiff must show that: (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X v. Blatter*, 175 F.3d at 394).

First, Plaintiff does not name as Defendants any staff members who allegedly retaliated against him. As stated, Defendant Kelwell Food cannot be held liable on a *respondeat superior* theory. *See Austin*, 195 F.3d at 728. However, even had Plaintiff sued staff members, Plaintiff's allegation that he was "slandered" by staff members does not state a cognizable retaliation claim. Verbal harassment would not deter a person of ordinary firmness from engaging in protected conduct. *Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003). "An inmate has no right to be free from verbal abuse, . . . and minor threats do not rise to the level of a constitutional violation." *Id*. (citing *Ivey v. Wilson*, 832 F.2d at 954-55; *Thaddeus-X v. Blatter*, 175 F.3d at 398).

**B.** **42 U.S.C. §§ 1985 and 1986**

Plaintiff also alleges violations of §§ 1985 and 1986. He does not state on which section

5

of § 1985 he is relying. However, as none of Plaintiff's allegations indicate that § 1985(1) or (2)[2] would apply, the Court presumes that he is alleging violations under 42 U.S.C. § 1985(3). The Sixth Circuit has held that a viable 42 U.S.C. § 1985(3) claim must contain:

> (1) [A] conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)). A plaintiff "must also establish that the conspiracy was motivated by a class-based animus." *Johnson*, 40 F.3d at 839. To do so, the plaintiff must allege that he possesses the characteristics of a discrete and insular minority, such as race, national origin, or gender, *Haverstick Enters., Inc. v. Fin. Fed. Credit*, Inc., 32 F.3d 989, 994 (6th Cir. 1994), and put forth specific facts indicating there was a conspiracy motivated by class-based, invidiously discriminatory animus. *Bartell v. Lohiser*, 215 F.3d 550, 559-60 (6th Cir. 2000).

Plaintiff fails to allege a conspiracy or any class-based animus. He does not identify his race or any other characteristic that would give rise to an allegation of class-based animus. His § 1985 claim, therefore, fails to state a claim upon which relief may be granted and will dismissed. A claim under § 1986 is based on the violation of § 1985. *Bartell v. Lohiser*, 215 F.3d at 560 (explaining that a "§ 1986 claim is derivative and conditioned on establishing a § 1985 violation"). As this Court has concluded that Plaintiff has not stated a § 1985 claim, Plaintiff also cannot allege a § 1986 claim.

---

[2]Section 1985(1) applies to preventing an officer from performing duties, and § 1985(2) pertains to obstructing justice and intimidating a party, witness, or juror in a court proceeding.

## IV.

For the reasons stated above, the Court will enter a separate Order dismissing the action.

Date:

cc: Plaintiff, *pro se*
4412.010